UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PAULA MILLER, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-7830**<br>**REF:  07-7830** |
| **GREAT WEST CASUALTY INSURANCE COMPANY** | * | **SECTION "L"(4)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 8).  For the following reasons, the Plaintiffs' motion is now DENIED.

**I.     BACKGROUND**

This case arises from an accident that occurred in Orleans Parish on or about January 15, 2007, when a tractor-trailer driven by John Jones struck a 2000 Mercury Marquis driven by Julius Miller.  Mr. Miller suffered injuries to his neck and back.  The tractor-trailer was owned by Alliance Transport, Inc. and insured by Great West Casualty Insurance Company.

In August 2007, Mr. Miller and his wife ("Plaintiffs") filed the present action in the Civil District Court for the Parish of Orleans against various defendants.  Mr. Miller seeks damages for pain and suffering, mental anguish and distress, medical expenses, lost wages, disability, and loss of enjoyment of life.  Mrs. Miller seeks damages for loss of consortium.  The Plaintiffs

claim damages in excess of $50,000 in their complaint, but have not specified an upper limit to their damages. The Plaintiffs initially offered to settle this case for $125,000, but recently made an offer of $60,000 plus medical expenses.

The Defendants removed the case to this court on November 1, 2007, based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In the instant motion, the Plaintiffs argue that their complaint does not allege claims exceeding $75,000, and ask the Court to remand this case to state court.

## II.   LAW & ANALYSIS

The removing Defendants bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The Defendants contend that the Court has diversity jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Plaintiffs do not dispute that diversity of citizenship exists, however, they argue that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a

2

preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendants satisfy their burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount."  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

    In the present case, the Plaintiffs have failed to allege that their damages are less than $75,000, while the Defendants have shown by a preponderance of the evidence that a damage award for Plaintiffs may exceed $75,000.  Mr. Miller seeks damages related to several alleged spinal injuries, including two disk bulges, degenerative changes, stenosis, and lumbosacral spondylosis.  In Louisiana, similar injuries have resulted in awards in excess of $150,000.  *See, e.g., Musacchia v. Hilton New Orleans Corp.,* 03-1100 (La. App. 4 Cir. 6/2/04), 876 So. 2d 901; *Hoyt v. Gray Ins. Co.,* 00-2517 & 00-2518 (La. App. 4 Cir. 1/31/02), 809 So. 2d 1076.

    "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).  In this case, the Plaintiffs have not made such a binding stipulation, and their recent offer to settle for less than $75,000 is irrelevant.  Thus, the Court finds that the Defendants have demonstrated that the amount in controversy exceeds $75,000 and that diversity jurisdiction exists in this case.

## III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand (Rec. Doc. 8) is DENIED.

New Orleans, Louisiana, this   15th   day of   February  , 2008.

                                      UNITED STATES DISTRICT JUDGE